STATE *ex rel.* WEST, *Atty. Gen.*, v. CHESTNUTT *et al.*

No. 176.   Opinion Filed November 11, 1908.

(98 Pac. 435.)

1.   MUNICIPAL CORPORATIONS—Cities of the First Class—Statehood Changes in Indian Territory. A city of the second class under the laws in force in the Indian Territory prior to the admission of the state having a population of more than 2,500 became upon the admission of the state, by virtue of section 10 of the Schedule to the Constitution (Bunn's Ed. sec. 459), a city of the first class under the laws extended in force in the state.

2.   SAME—Subsequent Statutes Not Affecting. The act of the Legislature approved February 20, 1908, (Sess. Laws 1907-08, p. 183, c. 12) entitled "An act amending sections 1, 5, 6, of article 1, chapter 14, of an act providing for the incorporation and government of cities of the first class, of the Statutes of Oklahoma of 1893; amending section 1, of article 1, of chapter 6, of the Session Laws of Oklahoma of 1897, entitled 'An act amending sections 7 and 8 of article 1, chapter 14, of an act entitled "An act providing for the incorporation and government of cities of the first class, Statutes of Oklahoma 1893," ' providing for the incorporation and government of cities of the first class, and declaring an emergency," and the provisions thereof, do not apply to cities that were continued or became by section 10 of the

State *ex rel.* v. Chestnutt *et al.*

Schedule to the Constitution (Bunn's Ed. sec. 459) cities of the first class under the laws extended in force in the state.

(Syllabus by the Court.)

Original action by the State, on the relation of Charles J. West, Attorney General, to oust from office H. M. Chestnutt and others. Judgment for plaintiff.

This is an original action brought by the state *ex rel.* Charles J. West to oust from the office of alderman of the city of Muskogee the defendants, and to have declared by judgment of the court that Edward C. Alley, L. E. Prall, Wm. F. Shewey, Henry Vogel. J H. Klick, Grant Foreman, H. P. Showalter, and Harry Levy are entitled to said offices. The facts in this case, about which there is no controversy, are the same as in the case of *State of Oklahoma ex rel. Charles J. West, Attorney General, v. J. F. Ledbetter, ante,* p. 251, 97 Pac. 834, except that the defendants in the respective cases occupy different offices.

*Charles West, Atty. Gen., J. E. Wyand,* and *W. F. Schuermeyer,* for plaintiff.

*Owen & Stone* and *Bailey & Kistler,* for defendants.

HAYES, J. (after stating the facts as above). The questions of law presented in this case are identically the same as those in the case of *State of Oklahoma ex rel. Charles J. West, Attorney General, v. J. F. Ledbetter, supra,* and the conclusions of the court in that case must follow in this case. It is therefore the judgment of this court that plaintiff have the relief prayed for in its petition.

All the Justices concur.